**BREESE BURNERS, Inc.**

v.

**UNITED STATES.**

No. 50191.

United States Court of Claims.

Feb. 2, 1954.

Huston Thompson, Washington, D. C., for plaintiff.

Bernard Wohlfert, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on defendant's motion to remand this case to the Commissioner for the purpose of receiving newly discovered evidence. The newly discovered evidence consists of evidence to show (1) that the defendant reimbursed plaintiff for its costs in developing the patents used by or for defendant, and (2) that in renegotiation proceedings the plaintiff relied on the fact that it had granted the United States a royalty-free license for the use of these patents, and urged this in justification of the profits realized under the contract for the purchase of the patented articles by defendant.

Plaintiff's suit is based upon an infringement of its patents by the defendant. The defendant defends on the ground that plaintiff had given it a license to use these patents.

In a pretrial conference before the Commissioner testimony was limited to the question of the validity of the license granted defendant by plaintiff. The Commissioner's pretrial memorandum provides:

" * * * The parties now agree that in order to obtain an interpretation of the validity of the license by the court, this basic defense be first determined upon full proof taken before the Commissioner, submission of findings of fact to the court by the Commissioner, and subsequent arguments of counsel on this issue."

Other questions were deferred until after this question had been determined.

The Commissioner has reported his findings of fact to the court, setting out the license and the circumstances surrounding its issuance, and also the execution of a contract between plaintiff and defendant for the manufacture of 74,620 outfits, burner, oil, stove, tent, M–1941, which were covered by the patents in question.

The first evidence which defendant seeks to introduce is designed to show that the defendant reimbursed plaintiff for the cost incurred in the development of the patents defendant is alleged to have infringed. This evidence is purely cumulative since the Commissioner's report clearly shows that there was included in the cost of these 74,620 outfits the cost of the development of the patents. The Commissioner's report shows that the plaintiff advised defendant that it had spent $45,000 in the development of the patents from August 27, 1942, to a date just prior to the execution of the contract, and the Commissioner's report further shows that these development costs were included in the itemized bid at 60 cents a burner, making a total of $44,772; hence, any additional evidence to show that defendant had reimbursed plaintiff for these development costs would be purely cumulative, and under the well-settled rule relating to newly discovered evidence the case should not be reopened for the introduction of this testimony.

The other evidence which defendant desires to introduce is that in the renegotiation proceedings plaintiff stated that it had granted defendant a license to use its patents and that this should be taken into consideration in determining

the amount of profit which it was entitled to realize under its contract for the manufacture of the 74,620 burners.

Defendant says that this estops plaintiff from claiming that it did not give defendant a valid license to use these patents.

The Commissioner has reported that the plaintiff did give defendant a royalty-free license to use these patents for the duration of the war and six months thereafter. The license is set out in full in his report, and the fact that plaintiff gave such a license to the defendant is not disputed. The Commissioner does find, however, that "there is no evidence that the Government ever gave to plaintiff, or its predecessor, Oil Devices, any money or any valuable consideration for the signing of this license agreement."

This finding makes it conceivable that the court might hold that the license granted defendant by plaintiff is voidable for lack of consideration. In this event, testimony to show that plaintiff was estopped to deny the validity of the license would be relevant and material. On the other hand, if the court should hold that the license is valid, then testimony to show that plaintiff was estopped to deny its validity would be surplusage, and, therefore, immaterial.

 Inasmuch as the case is now before us only on the question of the validity and the duration of the license, we think that testimony to show an estoppel should not be received until after the question of the validity and duration has been determined. If we should hold adversely to the defendant on this question, then the case should be remanded to the Commissioner to receive evidence on the question of an estoppel. If we should determine this question in defendant's favor, this testimony will be unnecessary.

If we hold the license invalid, then the case will have to be referred to the Commissioner for taking proof on the question of infringement and the damages resulting therefrom. At this time proof to show an estoppel may be received.

If we should hold the license valid, and if the Supreme Court, on certiorari, should reverse this holding, the case would be remanded to this court for the purpose of ascertaining the amount of damages. At that time the Commissioner can receive evidence on the question of estoppel.

When the parties once close their proof before the Commissioner, it should not be reopened except for very cogent reasons. As a matter of fact, there is a serious question in this case as to whether or not the defendant exercised due diligence to obtain this evidence before the closing of proof. However, we do not think it is necessary to pass on this question. But, at any rate, we do think that, in the posture of the case as it is presented to us at this time, the proof should not be reopened for the reception of this evidence.

Defendant's motion is overruled.

It is so ordered.

JONES, Chief Judge, and MADDEN and LITTLETON, Judges, concur.